# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0554, <u>Jeffrey Cogswell d/b/a Berry Hill Construction v. Brian Dove</u>, the court on March 24, 2017, issued the following order:**

Having considered the memorandum of law filed by the defendant, Brian Dove, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant, Brian Dove, appeals an order of the Circuit Court (<u>Rappa</u>, J.) granting judgment in the amount of $1,870 to the plaintiff, Jeffrey Cogswell d/b/a Berry Hill Construction, on the plaintiff's small claims action against the defendant. The trial court entered judgment in favor of the plaintiff after having found the defendant in default for failing to appear at a pretrial conference. The defendant also appeals the trial court's denial of his motion to strike the default judgment. We affirm.

The relevant facts, as set forth in the record submitted on appeal, are as follows. Although the defendant has not provided a copy of the plaintiff's small claims action, it appears that the plaintiff sought payment for renovations the plaintiff made to the defendant's home. The defendant responded to the plaintiff's small claims action by requesting an evidentiary hearing and by asserting that the plaintiff had damaged his property, billed him for insulation and wallboard that the plaintiff did not use, and billed him for hours in which the plaintiff did not work on the defendant's property.

In May 2016, the trial court notified the parties that it would hold a pretrial conference on July 13. On the day of the conference, the defendant did not appear. Instead, he filed a motion to continue the conference in which he alleged that he could not appear because his employer had scheduled him to work in Buffalo, New York that day. On August 8, the trial court entered a default judgment against the defendant. The notice of the default judgment informed the defendant that, if he contested the judgment, he had to file a motion within 10 days from the date of the notice. The notice also informed him that, if the plaintiff asked for final judgment and if he contested the amount of that judgment, he had 10 days from the date of the motion for final judgment in which to ask for a hearing.

On August 19, the defendant filed a motion to strike the default in which he, once again, alleged that the plaintiff had damaged his property, billed him for materials that the plaintiff did not use, and billed him for time the plaintiff did not work on the defendant's property. In addition, the defendant alleged

that he "recently had to pay another plumber" because the plaintiff's "subcontractor did not properly install the flange for the toilet." Also on August 19, the plaintiff filed a motion for final judgment. The trial court denied the defendant's motion to strike the default judgment and granted the plaintiff's motion for final judgment. The defendant unsuccessfully moved for reconsideration, and this appeal followed.

On appeal, the defendant argues that the trial court erred when it entered a final default judgment against him after he failed to attend a pretrial conference. He states: "I apologize for not being able to appear due to my job, but based [upon] the real issues between the plaintiff and myself since he damaged my property and charged for time which he did not complete and materials he did not use[,] I have a merit worthy defense to these claims and a merit worthy counter claim." He also contends that his motion to strike the default did not provide an explanation for his failure to appear at the pretrial conference because his earlier motion to continue provided that explanation. In his motion to continue, filed on the day of the pretrial conference, the defendant alleged that he could not attend the conference because his employer had assigned him to work in Buffalo, New York that day.

"[T]he entry of a default judgment lies within the discretion of the court." 46 Am. Jur. 2d Judgments § 236, at 572 (2006). The trial court's decision whether to strike an entry of default is also within its discretion. In the Matter of Maynard & Maynard, 155 N.H. 630, 633 (2007). We will not disturb either ruling unless the court unsustainably exercised its discretion or erred as a matter of law. See id. Based upon the limited record submitted on appeal, we cannot conclude that the trial court unsustainably exercised its discretion either by entering a default judgment against the defendant or by denying his motion to strike that judgment. Although we recognize that the defendant was self-represented in the trial court and is self-represented on appeal, self-represented litigants are bound by the same rules that govern parties represented by counsel. In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56 (2006).

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**